Argued and submitted June 29, 1988, affirmed February 22, reconsideration denied April 21, petition for review denied May 31, 1989 (308 Or 79)

STATE OF OREGON,
*Respondent,*

*v.*

CANDY RAE BERARDINELLI,
aka Turnbull,
*Appellant.*
(C86-11-36000, CA A45189 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

TED WAYNE BERARDINELLI,
*Appellant.*
(C86-11-35999; A46707)
(Cases Consolidated)
769 P2d 235

Ingrid A. MacFarlane, Salem, argued the cause for appellants. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs,* Judges.

WARDEN, P. J. pro tempore.

* Riggs, J., *vice* Van Hoomissen, J.

## WARDEN, P. J. pro tempore.

Defendants in this consolidated appeal seek reversal of their convictions for possession of marijuana and methamphetamine and delivery of methamphetamine. They assign as error the trial court's denial of their motions to suppress evidence taken in a search of their residence. They argue that the affidavit in support of the search warrant was insufficient and that the execution of the warrant violated applicable statutory standards. We affirm.

In November, 1986, officers of the Portland Police Narcotics Division and the Special Emergency Reaction Team (SERT) searched a residence in southeast Portland and its occupants pursuant to two search warrants issued by the district court. They seized marijuana, LSD, methamphetamines, a number of weapons, drug paraphernalia and a large amount of cash. Defendants lived at the residence and were arrested at the time of the search for possession and delivery of controlled substances. They argue, first, that the affidavit in support of the warrant was insufficient to establish probable cause and that the information in the affidavit was stale.

■ The affidavit was based primarily on information that an informant gave the affiant, a police officer. The informant had previously made "controlled" purchases of drugs for the officer and had provided information that had led to the issuance of another search warrant, pursuant to which controlled substances had been seized. The informant told the officer that, within the previous three months, he had made several purchases of methamphetamines from "Candy" at the residence. The informant had made three controlled purchases at the premises for the affiant within the previous two weeks, the most recent within the preceding 72 hours. The informant also stated that he had seen handguns and a "Mac 10" weapon capable of automatic firing[1] in the possession of defendant Ted Berardinelli and that lookouts were used to watch for police. Finally, the officer stated that he had noted a lot of foot traffic to and from the residence on three occasions

---

[1] The trial court granted a motion to controvert the affidavit on this point, finding that there was no information to justify a conclusion that the gun was capable of automatic operation.

in the previous eight days and that it continued past 10 p.m. We conclude that the affidavit establishes probable cause to search and that the information was not stale.

Defendants next argue that the execution of the warrant violated ORS 133.575(2)[2] and ORS 133.565(3)[3] and that the alleged violations require suppression.

The warrant was executed at about 3 a.m. by between eight and 15 officers. Some officers were in uniform, some in plain clothes and some in the SERT uniform, which includes a fire retardant hood and protective goggles. Police may have thrown a lead weight through an upper window at the same time that they kicked open the door and entered with guns drawn. There was evidence that, immediately on opening the door, they had identified themselves as police executing a search warrant and that they continued to do so each time they entered a new room. Soon after entering, they fired at defendants' two Dobermans, killing one and injuring the other.

By not giving notice to the person in apparent control before entering, the officers violated ORS 133.575(2). A violation of that statute, however, requires suppression of the evidence obtained only if the violation was aggravated. *State v. Arce,* 83 Or App 185, 189 n 4, 730 P2d 1260 (1986), *rev den* 303 Or 332 (1987); *State v. Tweed,* 62 Or App 711, 663 P2d 38 (1983). Here, the violation was not aggravated. The court could have found that the police announced their presence and purpose immediately upon entering,[4] that the danger to

---

[2] ORS 133.575(2) provides:

"The executing officer shall, before entering the premises, give appropriate notice of the identity, authority and purpose of the officer to the person to be searched, or to the person in apparent control of the premises to be searched, as the case may be."

[3] ORS 133.565(3) provides:

"Except as otherwise provided herein, the search warrant shall be executed between the hours of 7 a.m. and 10 p.m. and within five days from the date of issuance. The judge issuing the warrant may, however, by indorsement upon the face of the warrant, authorize its execution at any time of the day or night and may further authorize its execution after five days, but not more than 10 days from date of issuance."

[4] The trial court's findings are incomplete, but its legal conclusion that the officer's failure to comply with ORS 133.575(2) "was justified under all the circumstances" is necessarily based on an implicit finding that the police announced their presence and authority immediately upon entering. *See Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The trial court's legal conclusion drawn from the implied findings is incorrect. A violation of the law cannot be justified. *See State v. Arce, supra,* 83 Or App at 189 n 4.

them made it impractical to seek the person in apparent control before entering, that they reasonably believed that the occupants were armed, that there were two large guard dogs in the house and that lookouts were posted.

An unannounced entry that is a *constitutional* violation *requires* suppression of the evidence obtained. *State v. Bishop,* 288 Or 349, 605 P2d 642 (1980); *State v. Valentine/ Darroch,* 264 Or 54, 504 P2d 84, *cert den* 412 US 948 (1972). If the officers have a reasonable belief that exigent circumstances exist at the time of the entry that require an unannounced entry, the entry is constitutionally permissible. Destruction of evidence or increased danger to the officers or others may constitute exigent circumstances. *See State v. Arce, supra,* 83 Or App at 189-190. In this case, the police reasonably believed that an unannounced entry was necessary to protect both themselves and the occupants of the house. There was no constitutional violation.

ORS 133.565(3), which provides for a nighttime search indorsement, implicitly requires a showing of special circumstances consistent with the policy of the statute. *State v. Brock,* 294 Or 15, 17-18, 653 P2d 543 (1982). At our request, the parties submitted additional authorities regarding the standard for review of a nighttime search indorsement. We agree with the state that *Brock* provides the proper standard:

> "We construe ORS 133.565(3) to authorize a judge to warrant a search at any hour only upon allegation of special circumstances from which the judge can determine that an unrestricted warrant is *reasonable* in light of the statutory objectives * * *. The requisite circumstances need only be evident from the allegations supporting the application for a warrant." 294 Or at 20. (Emphasis supplied.)

Here, the allegations supporting the application for the warrant included statements that defendant Ted Berardinelli was armed, that the drug operation was protected by lookouts and that drug sales had occurred after 10 p.m. on three occasions in the week before the warrant application. Those "special circumstances" were sufficient for the magistrate to determine that nighttime execution of the warrant was reasonable.

Affirmed.