THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES W. HARDIN, Defendant-Appellee.

Second District No. 2—88—0161

Opinion filed March 3, 1989.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva (William L. Browers and Lawrence M. Bauer, both of State Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Fred M. Morelli, Jr., of Aurora, and Vincent C. Argento, of Argento & Malcolm, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals from a suppression order of the circuit court of Kane County. (See 107 Ill. 2d R. 604(a)(1).) The issue on appeal is whether police officers' failure to knock and announce before entering defendant's home to execute a valid search warrant was justified by exigent circumstances.

On March 31, 1987, the Kane County sheriff's department obtained a warrant to search the residence of defendant, Charles W. Hardin. The complaint requesting issuance of the search warrant states that a reliable, confidential source informed the police that defendant was selling cocaine from his residence at 134 Vermont Street, Aurora, Illinois. The complaint also states that in September 1986 another search warrant had been issued for the same residence and that 6.2 grams of cocaine had been seized in the search. During the execution of the September 1986 warrant, defendant stated to Detective Atchison of the sheriff's department that the officers executing the warrant were fortunate that defendant did not get to his gun. The police seized a .38 caliber handgun which had been in close proximity to defendant when the police entered the residence.

The March 31, 1987, warrant was executed on April 1, 1987, and a quantity of cannabis was seized. Defendant was charged with possession of cannabis. Ill. Rev. Stat. 1985, ch. 56½, par. 704(c).

Defendant filed a motion to quash the search warrant and to suppress evidence. He alleged that the warrant was invalid for lack of probable cause and that the warrant was improperly executed in that the police failed to knock and announce before entering his residence. On January 22, 1988, there was a hearing on defendant's motion. The trial court determined that there was probable cause and the warrant was valid. On the issue of execution, the State stipulated that the officers did not knock and announce their authority prior to executing the warrant. The State argued, however, that exigent circumstances existed which rendered the action excusable. Specifically, the State argued that defendant's prior threat created in the officers a reasonable fear for their safety if they proceeded with the usual announcement. The trial court found that there were no exigent circumstances to justify the officers' actions; therefore, the warrant was improperly executed. The court ordered the evidence seized pursuant to the search to be suppressed. The State appeals, contending that the officers' reasonable apprehension of danger, based on defendant's prior threat, created exigent circumstances which justified entry without prior announcement.

 Generally, a trial court's ruling on a motion to suppress will

not be disturbed upon appeal unless it is manifestly erroneous. (*People v. Garcia* (1983), 97 Ill. 2d 58, 74.) When the facts are undisputed, however, as in the instant case, the question of whether the trial court's ruling was correct is a legal one subject to *de novo* consideration by the reviewing court. *People v. Clark* (1986), 144 Ill. App. 3d 7, 11; *People v. Sain* (1984), 122 Ill. App. 3d 646, 649.

■ Absent exigent circumstances, police officers executing a search warrant are expected to knock and announce their authority and purpose before entering the premises to be searched. (*People v. Trask* (1988), 167 Ill. App. 3d 694, 703.) The purpose of the "knock and announce" rule is to notify the person inside of the presence of police and of the impending intrusion, give that person time to respond, avoid violence, and protect privacy as much as possible. (*People v. Marinez* (1987), 160 Ill. App. 3d 349, 352.) Although the failure of the police to announce their authority and purpose is not a *per se* violation of the fourth amendment, it may influence whether a subsequent entry of a premises to arrest or search is constitutionally reasonable. (*People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166.) Where exigent circumstances exist, the failure of the police to knock and announce their authority and purpose in the execution of a search warrant for narcotics does not violate the fourth amendment right against unreasonable searches and seizures. *People v. Ouellette* (1979), 78 Ill. 2d 511, 516.

■ Exigent circumstances that may justify the failure to announce authority and purpose include uselessness of the announcement, ease with which the evidence may be destroyed, and danger to the policeman executing the warrant. *Ouellette*, 78 Ill. 2d at 518.

■ The State contends that exigent circumstances did exist here. The facts establishing the exigency appear on the face of the complaint for the search warrant. The same officers involved with this search had executed a similar warrant on the same residence some eight months before. At that time a .38 caliber handgun was recovered. Defendant told the officers that they were fortunate that he did not get to his gun. The State urges that, based on the circumstances of the earlier encounter, the officers had a reasonable belief that a weapon would be used upon them if they proceeded with an ordinary announcement, and this reasonable apprehension of danger created an exigent circumstance sufficient to excuse their failure to knock and announce.

Defendant cites the holding in *People v. Marinez* (1987), 160 Ill. App. 3d 349, in support of the trial court's suppression order. In *Marinez*, the police officers knew the occupant of the house to pos-

sess firearms. (160 Ill. App. 3d at 350.) The court stated, however, that information indicating the presence of weapons does not alone create exigent circumstances. (160 Ill. App. 3d at 352.) The court found that the police had no further information which suggested that the occupant carried the weapon on his person, that he had ever used the gun, or that there was any danger to the police from the use of the weapon. (160 Ill. App. 3d at 353.) On this basis the court found that there was no reason to excuse the police from failing to knock and announce their presence and intent. 160 Ill. App. 3d at 353.

Defendant asserts that *Marinez* is similar to the instant case in that the officers here had no information tending to indicate that they were in danger from the use of a weapon. We disagree. *Marinez* is easily distinguishable from the instant case. In *Marinez* there was no evidence of potential danger to the police, whereas in this case defendant's statement to the officers on a prior occasion clearly indicated that he would have used his gun on them if he could have reached it in time.

We consider the reasoning in the recent case of *People v. Trask* (1988), 167 Ill. App. 3d 694, to be particularly applicable to this case. In *Trask*, the trial court, after finding that the police officers had knocked and had waited a reasonable time before entering the residence to execute a search warrant, also found that an exigent circumstance had existed. (167 Ill. App. 3d at 700-01.) This finding was based on a police officer's testimony that he had arrested the defendant some 3½ months earlier and the defendant had had a loaded semiautomatic pistol on his person. (167 Ill. App. 3d 699-700.) In affirming the trial court, we stated:

> "Although [the officer] did not know whether defendant had any other guns, any apprehension that defendant might be armed and dangerous would appear reasonable in light of the previous encounter. The police should not have to be certain that they will be shot at if they wait very long before entering; they just have to have a reasonable apprehension of danger. The trial court's finding of exigent circumstances was thus not erroneous." (167 Ill. App. 3d at 705.)

We believe that the reasoning in *Trask* applies here. In this case, as in *Trask*, the officers had no information that defendant currently possessed a weapon; however, in light of their previous encounter with defendant, the officers' apprehension that defendant might be armed and dangerous was reasonable.

■ Compliance with the "knock and announce" rule should be excused only where the officers reasonably believe that the weapon will

be used against them if they proceed with the ordinary announcement. (*Ouellette*, 78 Ill. 2d at 520.) We consider that defendant's prior possession of a weapon and his threatening statement to the police officers were sufficient to create a reasonable apprehension of danger and to justify the officers' failure to knock and announce their presence and intent.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.