Submitted on record and briefs July 21, affirmed December 6, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# PAUL L. STALBERT,
*Appellant.*

# (C86-04-31916; CA A49452)

783 P2d 1005

Gary D. Babcock, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Newman, J., specially concurring.

## DEITS, J.

Defendant appeals his convictions for delivery and possession of a controlled substance. ORS 475.992(1); ORS 475.992(4). He argues that the trial court erred in denying his motions to suppress and for judgment of acquittal. We affirm.

In April, 1986, Portland police officers searched a house in north Portland pursuant to a search warrant. Before executing the warrant, they watched the house for one and one-half hours. The house had previously been under surveillance, and they were aware that the usual method of doing business at this house was that two men would arrive at the house and turn on a blue light, after which people would come to the house and purchase drugs. The officers saw the two men arrive, the blue light go on and, during the surveillance, approximately 40 people come to the back door of the house and quickly leave. One officer made an undercover purchase of cocaine during the surveillance. The officers knew that one of the persons in the house was Robert Lee Jones, who had previously been involved in drug activities and against whom weapons charges had been filed. An unknown man and woman were also in the house.

Two officers went to the front door, and two went to the back door to prevent the occupants from escaping. The officers who went to the front could not see inside, because heavy curtains blocked the windows. One officer knocked loudly on the door and yelled twice "police officers, search warrant." They heard no response and, after no more than two seconds, they broke the front window, broke the door open and entered. At the time of entry, defendant came out of the bathroom, where five bindles of crack cocaine were found floating in a toilet that had just been flushed. Bindles of crack cocaine were seized from the kitchen, bathroom and bedrooms. Defendant had no drugs or money on his person. When he was questioned, he falsely identified himself as Samuel Johnson. The woman in the house told police that the persons in the house, including defendant, were there to assist Jones in selling cocaine, and that they had been very busy that night. Jones had $1,163 in cash.

Defendant argues that the trial court erred in denying his motion to suppress. He first contends that the police entry

of the house violated the knock and announce statute, ORS 133.575(2):

> "The executing officer shall, before entering the premises, give appropriate notice of the identity, authority and purpose of the officer to the person to be searched, or to the person in apparent control of the premises to be searched, as the case may be."

Here, the officers gave notice of their identity, authority and purpose and then entered the premises. The pause between the announcement of identity and the entry was only two seconds. Nonetheless, in contrast to *State v. Ford,* 99 Or App 1, 780 P2d 1192 (1989), the announcement did not occur simultaneously with the entry.[1] There was a pause, even though very short, between announcement and entry. As recognized in *State v. Valentine/Darroch,* 264 Or 54, 60, 504 P2d 84 (1972), *cert den* 412 US 948 (1973), in discussing the announcement requirement under the federal constitution, the protection offered by that requirement is a "few seconds to prepare for * * * entry." Because the announcement was given here before entry, the statute was not violated.

▮▮▮▮     Defendant also argues that the knock and announce requirements of the Fourth and Fourteenth Amendment of the United States Constitution were violated.[2] He contends that, even though the officers announced their entry and purpose, they failed to wait a reasonable time before entering. Assuming, without deciding, that the knock and announce requirements of the federal constitution require officers to

---

[1] The trial court finding, which defendant does not challenge, is

"[t]he officer did knock, did announce, but the amount of time that elapsed between the 'knock-and-announce' and the entry was, as Mr. Staropoli calls it, diminimous [*sic*] to the effect that for all practical purposes, although it was technically 'knock-and-announce,' there was not enough time lag for anything to happen.

"* * * * *

"Be that as it may, the court finds that there was a valid search warrant, that the officer "knocked-and-announced" and immediately went in. There was no opportunity for the occupants of the premises to open the door."

[2] Defendant also argues that his rights under Article I, section 9, were violated. However, he does not argue that the rights protected by Article I, section 9, are more extensive than those protected by the Fourth Amendment, on which the knock-and-announce rule is based. *State v. Tweed,* 62 Or App 711, 715, 663 P2d 38 (1983). Thus, even assuming that the knock-and-announce requirements are part of the protection afforded by Article I, section 9, it is not necessary to address this argument separately.

wait a reasonable time before entering, the entry here was not constitutionally impermissible, because the officers had a reasonable belief that exigent circumstances existed, justifying an unannounced entry. Destruction of evidence or increased danger to police officers or others may constitute exigent circumstances. *State v. Berardinelli,* 95 Or App 364, 368, 769 P2d 235, *rev den* 308 Or 79 (1989).

The trial court found that the officers reasonably expected the occupants to be armed. That finding is supported by the evidence. The officers were aware that one of the three occupants had been involved in drug activities in the past and had been arrested on weapons charges. One of the officers testified that, in his experience, in 80 to 90 percent of the drug raids that he had been involved in weapons were found. In addition, because of the earlier heavy traffic in and out of the house, the officers were concerned that only a small quantity of drugs might remain. The officers reasonably believed that the occupants could easily destroy the illegal substances that they believed were on the premises. In this case, the police could reasonably believe that an immediate entry was necessary to protect both themselves and the evidence. There was no constitutional violation.

■     Defendant also argues that the trial court erred in denying his motion for judgment of acquittal on the delivery charge. He does not dispute that illegal drugs were found at the house or that drugs were being sold in the house. He contends that there was no evidence of transfer or possession or that he attempted or conspired to deliver any of the drugs found in the house. "Delivery" is defined as

"the actual, constructive or attempted transfer * * * from one person to another of a controlled substance, whether or not there is an agency relationship." ORS 475.005(8).

ORS 161.405(1) provides that a person is guilty of an attempt to commit a crime when he engages in a "substantial step toward commission of the crime." In this case, defendant was arrested in a house that was being operated as a drug house. He had been there for at least one and one-half hours, during which time 40 people came, apparently to purchase drugs. When the police entered, he was coming out of a bathroom in which bindles of cocaine were found floating in a toilet that had just been flushed. Other bindles of crack

cocaine were found at the house. A person there told police that defendant had been assisting in the selling of the drug that night. In testing the sufficiency of the evidence, we view the evidence in the light most favorable to the state, and the question is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 609 P2d 798 (1980). A rational trier of fact could find that defendant had intentionally engaged in conduct which constituted a substantial step toward commission of the crime of delivery of a controlled substance. *See State v. Boyd,* 92 Or App 51, 54, 756 P2d 1276, *rev den* 307 Or 77 (1988). Defendant's motion for judgment of acquittal was properly denied.

Affirmed.

**NEWMAN, J.,** specially concurring.

I concur in the majority's conclusion that the trial court properly denied defendant's motion to suppress. I do not agree, however, with its conclusion that the police did not violate ORS 133.575(2) when they broke down the door "two seconds" or "no more than two seconds" after they announced their presence.

The majority asserts that "[t]here was a pause, even though very short, between announcement and entry." 99 Or App at 585. The court found that the police entered *immediately* after their knock and announcement. I note that the prosecuting attorney conceded to the court that what occurred, "may constitute a violation of the 'knock and announce' statute."

In my view, police violate the statute if they enter a residence, pursuant to a search warrant, immediately after or while knocking and announcing, *see State v. Ford,* 99 Or App 1, 780 P2d 1192 (1989), or without waiting a reasonable time after knocking and announcing for the occupants to respond. *See United States v. Johnson,* 643 F Supp 1465, 1471 (D Or 1986). It is not enough simply to state, as does the majority, "[b]ecause the announcement was given here before entry, the statute was not violated." 99 Or App at 585. The majority's interpretation makes the statute ineffectual.

On the other hand, the violation of ORS 133.575(2) was not aggravated because, except for the rapidity of entry

after announcing their identity, the officers' conduct was unexceptional. *See State v. Ford, supra.* Furthermore, even if the statutory violation here rose to the level of a constitutional violation, the officers, as the trial court found, had a reasonable belief that only a small quantity of illegal drugs probably remained in the house when they executed the warrant. That evidence might have been destroyed if, after knocking and announcing, they did not enter immediately. *See State v. Berardinelli,* 95 Or App 364, 368, 769 P2d 235, *rev den* 308 Or 79 (1989).

I also concur with the majority that the court correctly denied defendant's motion for judgment of acquittal.