Argued and submitted July 26, affirmed October 30, 1991, reconsideration denied
February 5, petition for review denied April 28, 1992 (313 Or 211)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# MARGARET LEONHART SCHULTZ,
## *Appellant.*

## (90-2685; CA A67390)

819 P2d 762

Guy B. Greco, Newport, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

■    Defendant appeals her conviction for possession of a controlled substance, ORS 475.992(4)(b), after trial to the court on stipulated facts following the denial of her motion to suppress evidence seized during a search of her residence. She argues that the affidavit in support of the search warrant was insufficient and that the police violated the "knock and announce" rule when they executed the warrant. We agree with the trial court that the affidavit was sufficient and write only to address her second assignment.

At about 5:10 a.m. on July 3, 1990, a police SWAT team began executing the search warrant at defendant's residence. The trial court found that,

> "as they approached the door to the house, they simul-taneously exploded devices so as to confuse anyone inside as to where the police were entering, and battered down the door. Trooper Helman testified that he came to the door and said, 'Police, search warrant,' waited three to five seconds, and used a battering ram to take the door out."

Defendant awoke to the sound of what she believed was gunfire. She testified that she heard two explosions and people running in the house yelling, "Police! Police! Police!" but that she heard no announcement before the explosions.

■ ■    The trial court denied defendant's motion to suppress the evidence discovered as a result of the ensuing search, concluding that the affidavit established probable cause and that "the officers did knock and announce." ORS 133.575(2) provides:

> "The executing officer shall, before entering the premises, give *appropriate notice* of the identity, authority and purpose of the officer to the person to be searched, or to the person in apparent control of the premises to be searched, as the case may be." (Emphasis supplied.)

The statute, as well as the Fourth Amendment to the United States Constitution, is intended to protect persons who might be injured by violent resistance to unannounced entries and to protect the householder's right to privacy. *State v. Valentine/Darroch,* 264 Or 54, 60, 504 P2d 84 (1972), *cert den* 412 US 948 (1973); *State v. Tweed,* 62 Or App 711, 716, 663 P2d 38 (1983). That privacy interest includes the right to

know who is entering and the authority and purpose, and a few seconds to prepare for the entry. "Appropriate notice" under the statute assumes a reasonable attempt by the executing officer to apprise occupants of the information. Violation of the statute rises to the magnitude of a federal constitutional infringement if both interests are violated, in which case suppression of evidence is the appropriate remedy. *State v. Tweed, supra.*

■ The state has the burden to prove that it had complied with the required appropriate notice. *State v. Ford,* 310 Or 623, 801 P2d 754 (1991). Although the trial court's finding that the officer did knock and announce is supported by the evidence, defendant contends that its finding that the explosive devices were exploded simultaneously defeats the purpose of the statutory notice requirement.[1]

We need not decide that question, because we agree with the state that, if there was a violation, it was justified, because the officers had a reasonable apprehension of peril; therefore, they were not required to knock and announce before entering. *State v. Ford, supra.* Helman based his belief that there was danger attendant with the entry on the briefing that he had received before executing the warrant. He testified that he had been told that "there was a possibility of narcotics involvement and/or weapons," which included the possibility of automatic weapons. That information was derived from a search of the residence five years earlier for stolen auto parts, which is described in the affidavit in support of the search warrant. The affidavit also stated that Bristlin, the owner of the residence, was reported to be a member of an "outlaw" motorcycle gang and that the affiant had had training and experience relating to persons associated with such gangs. On the basis of his personal experience with such persons, he believed that they were likely to put up armed resistance to law enforcement officers. For those reasons, he requested that the warrant be authorized to be executed at any time during the day or night. The magistrate

---

[1] Defendant did not argue in the trial court that, even if the officers were excused from knocking and announcing, the detonation of the explosive devices, independent of anything else, required the suppression of the evidence seized during the search. Furthermore, the record does not disclose what type of explosive device was used. We cannot say that the trial court erred in not deciding a question favorably to defendant when that question was not posed below.

complied with that request. *State v. Ford, supra; State v. Stalbert,* 99 Or App 582, 783 P2d 1005 (1989).

The evidence was sufficient to permit the trial court to find that the officers reasonably believed that they would encounter danger, including armed resistance, when they executed the warrant. They were, accordingly, excused from complying with the statute.

Affirmed.