No. 92–379.   ILLINOIS *v.* CONDON.   Sup. Ct. Ill.   Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

The State of Illinois, petitioner here, seeks review of a judgment of the Illinois Supreme Court holding that a police search of respondent's home, conducted pursuant to a warrant, was unconstitutional because the police failed to knock and announce their presence before entering the premises.   Because the decision below is in conflict with those of other courts on the question of what showing police must make to dispense with the ordinary knock-and-announce requirement in executing search warrants, I would grant certiorari.

Based on information provided by informants, police in Du Page County, Illinois, obtained a warrant to search respondent's home. Police had been told by the informants that respondent had been using the residence as a base for cocaine distribution, that residents of the house monitored approaching traffic with closed-circuit surveillance cameras and a police scanner, and that several weapons were kept inside the house.   The police also knew that the house was owned by respondent's brother, whom they previously had arrested on drugs and weapons charges and who was then a fugitive.

On the evening of November 6, 1987, a team of police officers executed the warrant.   They stormed respondent's home without knocking or announcing their presence and arrested respondent. A search of the home revealed cocaine, marijuana, 13 guns, and marked currency obtained through drug transactions orchestrated by police earlier that day.

At his subsequent trial, respondent contended that the search was constitutionally invalid under the Fourth Amendment because police did not knock and announce their presence before entering his home.   The trial court denied respondent's suppression motion, finding that exigent circumstances justified the unannounced entry.   Respondent was thereafter convicted on several counts.   On appeal, the State Appellate Court reversed respondent's conviction and the Illinois Supreme Court affirmed, holding that the facts did not demonstrate exigent circumstances sufficient to dispense with the knock-and-announce requirement.   148 Ill. 2d 96, 592 N. E. 2d 951 (1992).   In so holding, the court turned

aside each of the four circumstances proffered by the State as justifying the unannounced entry: the presence of cocaine in the house and the ease with which it could be destroyed, the existence of surveillance cameras and a police scanner, the presence of weapons in the house, and the fact that respondent's brother had been carrying a loaded pistol at the time of his earlier arrest on drug charges. *Id.*, at 103–106, 592 N. E. 2d, at 955–956. The court also rejected the State's contention that these circumstances should be considered collectively in determining whether the unannounced entry was justified. *Id.*, at 106, 592 N. E. 2d, at 956.

The decision below is in conflict with those of other courts holding that similar factual showings demonstrate "exigent circumstances" justifying an unannounced entry. See, *e. g., United States* v. *Keene,* 915 F. 2d 1164, 1168–1169 (CA8 1990) (fact that narcotics on premises could have been quickly destroyed justified unannounced entry), cert. denied, 498 U. S. 1102 (1991); *State* v. *Matos,* 135 N. H. 410, 411, 605 A. 2d 223, 224 (1992) (same); *State* v. *Williams,* 168 Wis. 2d 970, 985–986, 485 N. W. 2d 42, 48 (1992) (combined presence of drugs and guns on premises justified unannounced entry). The state courts are particularly divided over whether the presence of illegal drugs alone will justify unannounced police entry on the theory that pausing to announce the search will enable the destruction of evidence. See *United States* v. *Moore,* 956 F. 2d 843, 849–850, and n. 9 (CA8 1992) (acknowledging split of authority and collecting cases); *Matos, supra,* at 412, 605 A. 2d, at 224 (same).

Although there are perhaps prudential reasons counseling against plenary review in this case, I would grant certiorari to resolve the conflict.