910 P.2d 950

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Peter VARGAS and Tommy Vargas,
Defendants–Appellants.**

**Nos. 16009, 16035.**

Court of Appeals of New Mexico.

Dec. 20, 1995.

Certiorari Denied Jan. 31, 1996.

**318**

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Assistant Appellate Defender, Santa Fe, for Defendants–Appellants.

Tom Udall, Attorney General, Gail MacQuesten, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

*OPINION*

DONNELLY, Judge.

1. In these consolidated cases we review Defendants' contentions that the trial court erred in upholding the exigent circumstances exception to the knock-and-announce rule, and in denying their motions to suppress controlled substances seized by law enforcement officers incident to their execution of arrest warrants upon Defendants at their residence. Because our review of the record indicates the existence of evidence from which the trial court could properly determine that exigent circumstances justified the officers' decision to dispense with the knock-and-announce requirement prior to entering Defendants' home, we affirm.

*FACTS*

2. Defendants are brothers and, on March 18, 1994, resided at their mother's home in Las Cruces, New Mexico. Prior to the execution of the arrest warrants, Martin Young, a federal Alcohol, Tobacco, and Firearms agent, was investigating both Defendants for suspected firearms violations. During this same period, Richard Gonzales, a Las Cruces City Police Officer, was independently investigating Defendant Tommy Vargas for suspected drug trafficking. Agent Young learned that both Defendants were wanted on outstanding state arrest warrants. Agent Young and the Las Cruces City Police decided to execute the arrest warrants. On the morning of March 18, 1994, Agent Young conducted a briefing at about 7:00, at which time he informed the officers executing the warrants that they would not need to knock and announce prior to entering the home. He indicated that he considered both Defendants armed and dangerous, because he believed they were convicted felons with numerous arrests, and that they possessed firearms. Young subsequently testified that he was not aware of New Mexico's requirement that officers knock, announce their presence, and wait for a response or be denied entry to execute an arrest warrant.

3. Prior to 10:00 o'clock on the day the warrants were to be served, a confidential informant was sent to Defendants' home to

verify that both Defendants were in fact in the residence. The informant told Agent Young that both Defendants were in the house asleep, after having been up very late the night before. At 10:00 a.m., two Las Cruces City Police Officers used a battering ram to break open a door and entered the house, simultaneously yelling, "Police! Warrants!" At this point, officers ran down the hallway to Defendants' rooms and entered them as Defendants physically tried to hold the doors shut. Defendants were both arrested, and contraband was discovered in plain view during the arrest.

4. Defendants each filed a motion to suppress the contraband. After an evidentiary hearing, the trial court determined that the officers had not complied with the knock-and-announce rule because they forcibly entered the house simultaneously with their announcement. The trial court held, however, that the failure to comply with the rule was excused because there was sufficient evidence that the officers had a good-faith belief that exigent circumstances existed justifying their immediate entry.

*DISCUSSION*

I. *Knock-and-Announce Rule*

5. In New Mexico, law enforcement officers are constitutionally required to knock and announce their identity and purpose, and wait a reasonable time to determine if consent to enter will be given prior to forcefully entering a residence in order to execute a search warrant. *State v. Attaway*, 117 N.M. 141, 150–51, 870 P.2d 103, 112–13 (1994). This requirement prevents the needless destruction of property, eliminates unnecessary intrusions on privacy, and reduces the risk of violence to both occupants and police. *Id.* at 150, 870 P.2d at 112. A failure to comply with this requirement may result in a determination that the search was constitutionally unreasonable, *Wilson v. Arkansas*, —— U.S. ——, ——, 115 S.Ct. 1914,

1919, 131 L.Ed.2d 976 (1995), and application of the exclusionary rule to any evidence seized as a result of such search. *Attaway*, 117 N.M. at 143, 870 P.2d at 105. Exceptions to the knock-and-announce rule exist, however, if sufficient exigent·circumstances are present, such as a demonstrable risk that evidence will be destroyed while the officers wait to be denied entry, or specific information exists indicating that the danger to the officers executing the warrant will be increased, rather than decreased, if the officers comply with the rule.[1] *Id.* at 150, 870 P.2d at 112; *see also State v. Baca*, 87 N.M. 12, 13–14, 528 P.2d 656, 657–58 (Ct.App.), *cert. denied*, 87 N.M. 5, 528 P.2d 649 (1974). The exception relied upon by the State in this case is the "danger-to-officers" exception.[2]

6. When the State relies upon the danger-to-officers exception to justify an entry, the State must prove that reasonable, well-trained officers could believe, under the circumstances, that full or partial compliance with the rule would create or increase the risk of violence toward the officers. *Attaway*, 117 N.M. at 151, 870 P.2d at 113 (adopting objective test for reviewing danger-to-officers exception); *Baca*, 87 N.M. at 14, 528 P.2d at 658 (facts supporting exigent circumstances for dispensing with knock-and-announce rule must be known to officers before entry); *see also United States v. Maden*, 64 F.3d 1505, 1508–09 (10th Cir.1995) (applying standard of objective reasonableness in determining whether exigent circumstances existed for law enforcement officers to dispense with knock-and-announce requirement prior to entering apartment to serve arrest warrant). The burden is on the state to prove justification for its noncompliance with the knock-and-announce rule. *State v. Ford*, 310 Or. 623, 801 P.2d 754, 763 (1990). This burden can be met by showing, for example, that the suspect has a large cache of illegal or unusually dangerous weapons, or that the suspect possesses weapons and there are

---

**1.** Although *Attaway* involved a situation where law enforcement officers entered the defendant's house to execute a search warrant, under New Mexico law, an arrest warrant supported by probable cause has been held to be a proper basis for authorizing law enforcement officers to enter a dwelling where the defendant resides when there is reason to believe that the defen-

dant is within. *State v. Krout*, 100 N.M. 661, 662–63, 674 P.2d 1121, 1122–23 (1984).

**2.** *Attaway*, 117 N.M. at 151–52, 870 P.2d at 113–14. *See generally* 2 Wayne R. LaFave, *Search and Seizure* § 6.2(d), at 615 (2d ed. 1987).

other circumstances tending to show that the suspect has engaged in violent or unpredictable behavior, and facts establish that a well-trained and prudent officer would reasonably believe compliance with the knock-and-announce rule would increase the danger to the officers. *Attaway*, 117 N.M. at 153, 870 P.2d at 115.

7. In reviewing a defendant's claim that the trial court erred in finding that the facts in a particular case justified law enforcement officers in obtaining entry into a residence under the exigent circumstances exception to the knock-and-announce rule, an appellate court examines the lower court's ruling using a de novo standard of review and scrutinizes the lower court's determination as a mixed question of law and fact. *Attaway*, 117 N.M. at 144–46, 870 P.2d at 106–08; *see also Maden*, 64 F.3d at 1508.

8. The trial court's ruling on a motion to suppress will not be disturbed on appeal if supported by substantial evidence, unless it appears that the determination was incorrectly premised. *State v. Shaw*, 115 N.M. 174, 176, 848 P.2d 1101, 1103 (Ct.App. 1993); *State v. Calloway*, 111 N.M. 47, 49, 801 P.2d 117, 119 (Ct.App.), *cert. denied*, 111 N.M. 77, 801 P.2d 659 (1990). When reviewing a claim concerning the sufficiency of the evidence, this Court will review the evidence in the light most favorable to support the decision reached below and resolve all conflicts and indulge all inferences in favor of such determination. *Id.*, 111 N.M. at 49, 801 P.2d at 119.

9. The question in this case is whether the information known to or believed by the officers prior to their entry was sufficient to meet the exigent circumstances exception recognized in *Attaway*. At the hearing on Defendants' motions to suppress, the State presented testimony indicating that the officers who were designated to serve the arrest warrants were aware that both Defendants were suspected of being involved in trafficking drugs; that Peter habitually carried a .45 caliber handgun on his person; that

Tommy was in possession of a .25 caliber pistol and a .380 caliber pistol; that the officers believed both Defendants were convicted felons; and that both had numerous prior arrests. Tommy had verbally threatened one of the officers during a prior arrest. There was evidence that both Defendants were gang members and there had previously been several drive-by shootings directed at their residence. The State also presented evidence that at numerous times over the past ten years, police had been dispatched to Defendants' residence to deal with various incidents, and each time the police responded with more than the usual number of officers due to the residents' reputations as "violent individuals." Additionally, there was testimony that police units had been dispatched to Defendants' residence on two prior instances to control a domestic fight in which a bat and bottles were being wielded, and the other occasion there had been a fight at a party, and on both occasions officers noticed a tendency on the part of Defendants and the other residents to challenge the police.

10. Defendants argue that the exigent circumstances exception was inapplicable here because Agent Young indicated that he was unaware of New Mexico's requirement that officers must generally knock, announce, and wait before entering a residence. Agent Young's subjective knowledge, or lack thereof, is not determinative of the issue of whether sufficient exigent circumstances existed here to justify the officers' actions.[3] *See Calloway*, 111 N.M. at 50, 801 P.2d at 120 (officer's subjective intentions do not control issue of exigent circumstances); *see also State v. Ashe*, 745 P.2d 1255, 1262 (Utah 1987) (police officer's mental process does not violate defendant's Fourth Amendment rights). Instead, the test is an objective one involving resolution of the question of whether, under the facts known or reasonably believed by the officers, a reasonable, well-trained officer would have been justified in believing that full or partial

---

3. The record also indicates that prior to going to Defendants' residence, the officers and agents discussed the need to knock and announce their identity and purpose, and decided that, because Defendants were believed to be armed and dangerous, the officers should attempt to surprise them so that they would not have a chance to use their weapons.

compliance with the knock-and-announce rule created or increased the risk of harm to the officers executing the warrants. *Attaway*, 117 N.M. at 153, 870 P.2d at 115. The "exigent circumstances" exception to the knock-and-announce rule refers to those situations where law enforcement officials in question held an objectively reasonable belief that an emergency situation existed at the time of entry. *Maden*, 64 F.3d at 1508–09.

■ 11. Defendants point out that the mere fact that they were suspected of trafficking drugs and of possessing weapons would not alone constitute a sufficient basis to excuse the failure of law enforcement officers to knock and announce. *Attaway*, 117 N.M. at 152, 870 P.2d at 114. However, that fact, in conjunction with the other facts known to or believed by the officers in this case, provided a sufficient basis for the trial court to determine that a reasonable, well-trained and prudent police officer could properly conclude from such facts the danger-to-officers exception to the knock-and-announce requirement was applicable here. *See Attaway*, 117 N.M. at 144, 870 P.2d at 106; *see also State v. Ortega*, 117 N.M. 160, 162, 870 P.2d 122, 124 (1994). A suspect's prior threats or belligerence toward officers, coupled with the knowledge that the suspect is armed, has been held to constitute exigent circumstances, justifying entry into a residence and dispensing with the knock-and-announce requirement. *United States v. Lalor*, 996 F.2d 1578, 1584–85 (4th Cir.) (defendant had been armed six days before the execution of the warrant and had been belligerent with police twenty-four days earlier), *cert. denied*, 510 U.S. 983, 114 S.Ct. 485, 126 L.Ed.2d 436 (1993); *United States v. Singer*, 943 F.2d 758, 762 (7th Cir.1991) (tipster informed police that drug trafficking suspect had gun and had made threats); *People v. Hardin*, 179 Ill.App.3d 1072, 129 Ill.Dec. 279, 280, 535 N.E.2d 1044, 1045 (1989) (when officers executed warrant seven months before, defendant had .38 caliber handgun and told officers they were lucky he did not get to his gun).

■ 12. The fact that a suspect is known to be armed and has a prior criminal record or record of arrests has been held to support an exception to the knock-and-announce rule, especially where the defendant's past record includes evidence of assaultive behavior. *See, e.g., United States v. Maxwell*, 25 F.3d 1389, 1395 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 519 (1994); *United States v. Lucht*, 18 F.3d 541, 549 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994); *United States v. Nabors*, 901 F.2d 1351, 1354–55 (6th Cir.), *cert. denied*, 498 U.S. 871, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *People v. Fonville*, 158 Ill.App.3d 676, 110 Ill.Dec. 935, 941, 511 N.E.2d 1255, 1261 *appeal denied*, 116 Ill.2d 566, 113 Ill. Dec. 308, 515 N.E.2d 117 (1987); *Ford*, 801 P.2d at 763–64. A suspect's association with a group or a gang known for violent tendencies may also constitute a basis for dispensing with the knock-and-announce rule when such fact reasonably gives rise to a showing that an objectively reasonable law enforcement officer would believe that a substantial risk of violence may exist toward officers, and that noncompliance with the rule is warranted. *Maxwell*, 25 F.3d at 1395; *State v. Schultz*, 109 Or.App. 407, 819 P.2d 762, 763 (1991), *cert. denied*, 313 Or. 211, 830 P.2d 597 (1992). Similarly, if a suspect is shown to carry a firearm on his person and to be engaged in drug trafficking, courts have held that such facts may give rise to the existence of exigent circumstances justifying a departure from the knock-and-announce rule. *United States v. Brown*, 52 F.3d 415, 421 (2d Cir.1995) (facts indicated that suspect was known to use firearm as incident to trafficking), *cert. denied*, —— U.S. ——, 116 S.Ct. 754, 133 L.Ed.2d 701 (1996); *United States v. Garcia Mendez*, 437 F.2d 85, 86 (5th Cir. 1971) (exigent circumstances found where officers looked through window and saw suspect asleep with automatic revolver inches from his hand); *People v. Vollheim*, 87 Cal. App.3d 538, 150 Cal.Rptr. 837, 839 (1978) (habit of answering door with loaded firearm held sufficient to justify failure to knock and announce). However, in the absence of evidence concerning the type of guns possessed by the defendant, that officers reasonably believed that the defendant would use firearms to protect drugs possessed by him, or a showing concerning the defendant's propensi-

ty to use guns, the presence of guns and cocaine in a house occupied by the defendant has been held not by itself sufficient to constitute exigent circumstances. *People v. Condon*, 195 Ill.App.3d 815, 142 Ill.Dec. 63, 67, 552 N.E.2d 413, 417 (1990), *aff'd*, 148 Ill.2d 96, 170 Ill.Dec. 271, 592 N.E.2d 951 (1992), *and cert. denied*, 507 U.S. 948, 113 S.Ct. 1359, 122 L.Ed.2d 738 (1993).

13. The totality of the evidence presented to the trial court in this case was sufficient to support the trial court's finding of the existence of exigent circumstances justifying the officers' actions in dispensing with the knock-and-announce rule. Viewing the evidence as a whole, the trial court could reasonably find that there was sufficient indication that the officers executing the warrant had an objectively reasonable belief that they could be met with violence if they knocked and announced their presence prior to entering the residence.

## II. *Claim of Pretextual Entry*

14. On appeal, Defendants also argue that the officers' real purpose in seeking to execute the arrest warrants was to obtain access to Defendants' residence in the hope that firearms or contraband would be seen in plain view. The State argues, however, that Defendants did not adequately preserve this issue below. We agree.

15. Although Defendants attempted to elicit testimony on the question by cross-examining various officers and Agent Young concerning the lack of probable cause to search the residence, and suggested in their questions that the underlying purpose of the officers in executing the warrants for Defendants' arrest was to gain access to their residence, Defendants failed to invoke any ruling from the trial court on this issue. SCRA 1986, 12–216 (Cum.Supp.1995); *see also State v. Casteneda*, 97 N.M. 670, 674, 642 P.2d 1129, 1133 (Ct.App.1982). The trial court asked during closing argument whether the sole issue was the exigent circumstances question, and neither the prosecutor nor defense counsel corrected the court's impression. After the trial court orally ruled in favor of the State on the exigent circumstances question, defense counsel asked to clarify several points. None of the matters sought to be clarified involved the pretext issue sought to be argued here, and counsel did not request that the trial court rule on this issue. Under these circumstances we hold that Defendants failed to preserve this issue for appellate review. *Cf. State v. Montoya*, 116 N.M. 297, 304, 861 P.2d 978, 985 (Ct.App.) (holding claim of pretextual purpose necessitates finding on factual issue), *cert. denied*, 116 N.M. 364, 862 P.2d 1223 (1993). By failing to elicit a ruling on the pretext issue, Defendants have failed to preserve such issue adequately for review on appeal. *See State v. Hodge*, 118 N.M. 410, 418, 882 P.2d 1, 9 (1994) (party must invoke a ruling from the trial court in order to preserve the issue for appellate review). Moreover, even if we were to assume, arguendo, that this issue was properly preserved, the record supports the trial court's ruling on this issue.

16. Every officer who was asked the question testified that the purpose of executing the warrants was only to arrest Defendants, not to search for evidence of other crimes. Given this evidence, the trial court's ruling is supported by the record. *See Montoya*, 116 N.M. at 304, 861 P.2d at 985 (in reviewing decision on claim of pretext, facts are viewed in light most favorable to trial court's decision).

## CONCLUSION

17. The trial court's denial of Defendants' motions to suppress is affirmed.

18. IT IS SO ORDERED.

HARTZ and BLACK, JJ., concur.