884 P.2d 838

Arsenio LOPEZ, Worker–Appellee,

v.

CITY OF ALBUQUERQUE, A Self-insured Employer, Employer–Appellant.

No. 15246.

Court of Appeals of New Mexico.

Aug. 31, 1994.

Certiorari Denied Oct. 18, 1994.

Rod Dunn, Dunn Law Offices, Albuquerque, for worker-appellee.

Ray A. Padilla, Deborah S. Dungan, Padilla, Riley & Shane, P.A., Albuquerque, for employer-appellant.

## OPINION

PICKARD, Judge.

This case involves the extent to which an authorized health care provider in a workers' compensation case may give testimony based on the records of an unauthorized health care provider. It also involves the fairness of allowing the authorized health care provider to rely on one set of unauthorized records while prohibiting access to another set of unauthorized records. We hold that the issues in this case are fact bound and, under the facts of this case, no error occurred.

This case arises out of a claim for benefits under the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (Repl. Pamp.1991) (effective January 1, 1991). Worker was employed as a laborer for the City of Albuquerque. On April 24, 1991, Worker was shoveling dirt for the City when he felt a sudden pain in his left knee. Worker went to the City's employee health center, which the City had selected as health care provider under the Act. See § 52–1–49(B) (providing that employer initially selects the health care provider or permits worker to do so). Worker was treated by Dr. Baca, and after several visits the doctor released Worker to work without restriction. Worker continued to experience pain in his left knee and

sought treatment from Lovelace Medical Center. Lovelace had not been selected by the City as a health care provider under the Act, and Worker did not notify the City of the change. *See* § 52–1–49(C) (providing that worker may select another health care provider if employer has selected the first one and, inter alia, worker notifies employer of the change). The treating physician at Lovelace, Dr. McEnnerney, concluded that Worker suffered from osteochondritis dissecans, a condition wherein cartilage is partially detached from the underlying bone. This condition occasionally results in a piece of bone breaking off and falling into the knee joint, thereby causing pain in the knee. Dr. McEnnerney recommended arthroscopic surgery. Worker then brought the medical records prepared by Dr. McEnnerney to the City. By this time, Dr. Baca's practice at the City's health care center had been taken over by Dr. Gelinas. Wanting a second opinion, the City forwarded Dr. McEnnerney's records to Dr. Gelinas, who then examined Worker.

Nine months later, Worker filed a claim for workers' compensation, which was contested by the City. At a separate change of health care provider (HCP) proceeding, *see* § 52–1–49(E), filed after Worker's claim, the City objected to Worker's attempt to change his authorized health care provider from the City's employee health center to Dr. McEnnerney at Lovelace. The workers' compensation judge at this HCP hearing sustained the City's objection and found that Dr. McEnnerney was not an authorized health care provider under the Act.

As part of discovery, Worker deposed Dr. Gelinas. Basing his opinion in large part upon Dr. McEnnerney's records, Dr. Gelinas testified that he believed that Worker suffered from osteochondritis dissecans. Dr. Gelinas further testified that, to a reasonable degree of medical probability, this condition was a preexisting condition which was aggravated by Worker's on-the-job injury.

After this deposition, but before the formal hearing, Worker underwent arthroscopic knee surgery at the Veteran's Administration Medical Center. As with Lovelace, the VA Center was not an authorized health care provider under the Act.

Shortly before the formal hearing, the City filed a motion in limine to exclude Dr. McEnnerney's records from evidence and to exclude the deposition of Dr. Gelinas to the extent that the doctor had relied on those records. Alternatively, if the records and deposition were to be admitted, the motion sought to allow the VA Center's records of Worker's operation into evidence because the City believed those records would rebut Dr. Gelinas's opinion as to causation. The motion in limine was heard on the day of the formal hearing. The judge denied the motion, ruling that Dr. McEnnerney's records and Dr. Gelinas's record-based testimony were admissible pursuant to SCRA 1986, 11–703 and that the VA Center's records were inadmissible because they were not records from an authorized health care provider. The City then requested that the VA Center's records be provided to Dr. Gelinas and that he be deposed again to determine if his opinion as to causation would change in light of those records. This request was also denied. During the formal hearing, the City once again attempted to gain admission of the VA Center's records and made an offer of proof that they would rebut Dr. Gelinas's testimony regarding causation. The judge denied this attempt as well. After the presentation of evidence, the judge concluded that Worker had established to a reasonable medical probability that his present impairment was caused by his on-the-job injury.

On appeal, the City argues that the formal hearing judge erred: (1) by admitting Dr. McEnnerney's records and allowing Dr. Gelinas to base his testimony upon those records; and (2) alternatively, by refusing to admit the VA Center records, which allegedly would have rebutted Dr. Gelinas's opinion. We address these issues as well as a request by Worker for attorney fees, and we affirm.

*DISCUSSION*

*1. Dr. McEnnerney's Records*

 The City first argues that the formal hearing judge erred both by admitting Dr. McEnnerney's records into evidence and by allowing Dr. Gelinas to base his testimony on those records. The City relies on the facts

that the HCP proceeding judge found Dr. McEnnerney not to be a health care provider authorized under the Act and that the Act only allows health care providers authorized by the Act to offer testimony at workers' compensation hearings. *See* § 52–1–51(C) ("Only a health care provider who has treated the worker pursuant to Section 52–1–49 NMSA 1978 or the health care provider providing the independent medical examination pursuant to this section may offer testimony at any workers' compensation hearing concerning the particular injury in question."). The City is wrong on both accounts.

The formal hearing judge ruled that Dr. McEnnerney's records "are admitted into evidence pursuant to Rule 11–703 of the Rules of Evidence, SCRA 1986." It is clear from this ruling that the records were not admitted as substantive evidence in their own right, but instead that the judge allowed the opinion of Dr. Gelinas, a health care provider authorized to testify under Section 52–1–51(C), to be based on these records. In so doing, the judge correctly relied upon SCRA 11–703, which allows experts (in this case Dr. Gelinas) to base their testimony on otherwise inadmissible evidence (in this case Dr. McEnnerney's records).

The City argues that SCRA 11–703 should not be applied in workers' compensation hearings because that evidentiary issue is already addressed by Workers' Compensation Administration Rule of Evidence 92.4.3E. *See* Workers' Compensation Administration Rule 92.3.2 (Oct.1992) (state district court rules of evidence are applicable when evidentiary issues are not addressed by workers' compensation administration rules). However, Rule 92.4.3E only addresses the procedures for admitting medical records, not the basis for expert opinion testimony; consequently, SCRA 11–703 is applicable in this case.

The City also argues that allowing such testimony contravenes the policies of the Act. The City speculates that injured workers would shop for health care providers who support their claims and then provide these medical records to authorized health care providers. The facts remain, however, that the City chose Dr. Gelinas as Worker's health care provider and that the City provided Dr. Gelinas with Dr. McEnnerney's records. The policies underlying the Act are not contravened in this situation.

Finally, because of the foregoing determinations, we need not extensively discuss other arguments made by the City pertaining to the use of Dr. McEnnerney's records. Those arguments are: (1) that only authorized health care providers may give evidence, (2) that the formal hearing judge was bound by the HCP proceeding judge's order, (3) that the formal hearing judge's finding that Dr. McEnnerney was an authorized health care provider is not supported by substantial evidence, and (4) that the City did not waive its right to object to Dr. McEnnerney's records. Having held that the use of Dr. McEnnerney's records under SCRA 11–703 was proper in this case, these arguments do not warrant a reversal. Specifically, as to the first argument, our holding does not contravene the rule that only authorized health care providers may give evidence. Dr. McEnnerney did not give evidence. As to the second argument, the reliance by Dr. Gelinas on Dr. McEnnerney's records did not contravene the HCP proceeding judge's order because that order was not intended to cover the issue of Dr. Gelinas's testimony. As to the third argument, we point out that no issues are raised concerning payment of Dr. McEnnerney for his services; the only issues raised concern the admission and exclusion of evidence. Thus, even if the finding concerning Dr. McEnnerney's authorized status was error, the error would not impact the issues raised in this case. Finally, as to the fourth argument, we do not rely on the concept of waiver because the use of Dr. McEnnerney's records was properly based on SCRA 11–703.

*2. The VA Center's Records*

■ The City also argues that the formal hearing judge erred by not allowing into evidence the VA Center's records, records the City contended would rebut Dr. Gelinas's opinion as to causation. The City notes that at an earlier discovery hearing the judge orally indicated that medical records would be admitted if they were accompanied by a notarized statement ensuring their authentic-

ity. The City appears to argue that the judge's subsequent ruling precluding introduction of the VA Center's records into evidence was error because it was in conflict with this earlier ruling. We disagree. First, the earlier ruling was made in the context of the Lovelace records. Second, the judge was allowed to reconsider his oral ruling. *See State ex rel. Rivera v. Conway,* 106 N.M. 259, 260, 741 P.2d 1380, 1381 (1987). Further, the judge's subsequent ruling was the correct ruling to make. The VA Center was not a health care provider authorized under Section 52-1-49, nor was it a health care provider conducting an independent examination of Worker at the order of the workers' compensation judge; consequently, it was not one of the only two types of health care providers which may provide testimony at compensation hearings. *See* § 52-1-51(C). Therefore, the judge's final refusal to allow the VA Center records into evidence was not error.

■ The City also argues that at the very least Dr. Gelinas should have been allowed to reevaluate his opinion of the cause of Worker's disability in light of the VA Center's records concerning Worker's surgery. However, the City did not move to have the VA Center's records provided to Dr. Gelinas until the day of the formal hearing, at which time the City also requested that a supplemental deposition of the doctor be scheduled. The discovery order in this case afforded the City ample opportunity before the formal hearing to petition the judge to allow for such additional discovery, but the City failed to act. The City claims that it did not so petition because it did not want "to jeopardize its position that the Lovelace records were not admissible." We fail to understand why the City's position would have necessarily been jeopardized; the failure to provide Dr. Gelinas with the VA Center's records was the City's choice of litigation tactics. Consequently, we hold that it was not error for the judge to deny the City's last-minute request, a request that would have postponed a formal hearing for which the parties were already present. *See El Paso Elec. v. Real Estate Mart, Inc.,* 98 N.M. 490, 499, 650 P.2d 12, 21 (Ct.App.) (Trial court did not abuse its discretion in denying last-minute motion for continuance, which was based on the mov-

ant's assertion of lack of discovery, because "[d]iscovery should not be delayed until trial is near and confusion arises."), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982).

*3. Worker's Request for Attorney Fees*

Worker requests $3,000 in attorney fees, plus tax, for his attorney's work on appeal. We note that at the time of the transmission of the record proper to this Court no determination had been made by the judge below as to attorney fees, nor have we been informed of any subsequent action on the matter. Consequently, we do not know if Worker's attorney has already been awarded attorney fees by the workers' compensation judge, the addition of $3,000 to which might exceed the statutory cap of $12,500 on attorney fees. *See* § 52-1-54(I). We will therefore act on Worker's request only upon learning, within the time provided in SCRA 1986, 12-403(B)(3) (Repl.1992), what action was taken below on this matter.

*CONCLUSION*

For the foregoing reasons, the order of the workers' compensation judge is affirmed.

IT IS SO ORDERED.

APODACA and BOSSON, JJ., concur.