1997-NMCA-087

945 P.2d 1021

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Frank ARAGON, Defendant–Appellant.**

**No. 17546.**

Court of Appeals of New Mexico.

July 30, 1997.

Certiorari Denied Sept. 17, 1997.

Tom Udall, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

T. Glenn Ellington, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

DONNELLY, Judge.

1. Defendant appeals his convictions for aggravated assault with a deadly weapon; resisting, evading, or obstructing an officer; battery; and his sentence as an habitual offender. Two issues are presented on appeal: (1) whether the trial court erred in denying Defendant's motion to suppress; and (2) whether the trial court erred in refusing to grant a continuance. We conditionally affirm Defendant's convictions but remand with instructions.

## FACTS

2. Defendant was arrested and charged with aggravated assault with a deadly weapon; possession of drug paraphernalia; resisting, evading, or obstructing an officer; assault; and battery, all growing out of a domestic dispute on August 30, 1995, between Defendant and Stella Chavez, his girlfriend.

3. This case was set for trial by jury on March 12, 1996. On the morning of trial, Defendant's court-appointed counsel orally moved for a continuance because he had a sinus infection. Defense counsel told the trial court that because of his illness he was unable to proceed. He also told the trial court that he waited until the last minute to request the continuance because he hoped he would feel better. Defense counsel told the trial court he had a fever, a sore throat, and a cough, and he was concerned how his illness would affect his representation of Defendant. He also advised the trial court that he had obtained prescribed medication for his illness.

4. The prosecutor, although sympathizing with defense counsel, told the trial court that a key prosecution witness, Jody Gutierrez, one of the police officers who had responded to the domestic disturbance call, had joined the Marines and would not be available to testify at a later date because he was scheduled to be inducted into the Marine Corps on March 15, 1996. The prosecutor told the trial court that the State would agree to a continuance if Defendant consented to waive his right to a jury trial and allow Officer Gutierrez's testimony to be presented from his testimony at the preliminary hearing.

The State further indicated that the trial was going to be a relatively brief one and that the State only planned to present four witnesses.

5. Defendant's counsel again indicated that because of his illness, he was concerned about his ability to adequately represent Defendant. He stated he had not talked to Defendant about having a bench trial, but he would guess that if given a choice between an ill attorney with a jury trial and a healthy attorney with a bench trial, Defendant might opt for a bench trial. Defendant's counsel also stated that he would hate to see Defendant forced into a position where he had to make such a choice.

6. The trial court denied the motion for a continuance, stating it felt it did not have much choice at that point in time other than to deny Defendant's request. The trial court indicated it was not in a position to waive the six-month rule, NMRA 1997, 5–604(B), and the parties had not sought an extension of time from the Supreme Court. In addition, the trial court told defense counsel that, although counsel was physically ill, the court believed counsel's intellectual capacity was not so impaired that he would be prevented from properly representing Defendant at trial that day.

7. After denying the motion for a continuance, the trial court granted a brief recess. When the court reconvened, Defendant's counsel advised the trial court that Defendant had agreed to waive his right to a jury trial. At that point, the trial court asked Defendant if it was true that he agreed to waive his right to a jury trial and Defendant answered, "Yes." A written waiver of a jury trial was also subsequently signed by Defendant and his trial counsel, and the waiver was filed with the trial court. Upon being apprised of this agreement, the trial court granted a continuance and rescheduled the case for a bench trial on March 26, 1996. Despite the State's initial indication to the trial court that Officer Gutierrez would not be available at a later date, the officer appeared and testified at Defendant's subsequent nonjury trial.

8. Following a bench trial, Defendant was convicted of aggravated assault; resisting, evading, or obstructing an officer; and battery. The trial court dismissed the charges of possession of drug paraphernalia and assault. Defendant was subsequently charged as an habitual offender and his sentence was enhanced. Evidence was presented at trial that the police officers entered Defendant's residence without express permission of either Defendant or Ms. Chavez, and that they did not have an arrest warrant for Defendant.

## DENIAL OF THE MOTION TO SUPPRESS

9. Defendant argues that the trial court erred in denying his motion to suppress. Specifically, he contends that the warrantless entry of the police officers into the apartment he shared with Ms. Chavez was unauthorized and illegal.

10. On appeal, in reviewing a trial court's order denying a motion to suppress, we examine the record to determine whether the law was correctly applied to the facts as found by the court and view the trial court's factual determinations in the light most favorable to the prevailing party, together with all reasonable inferences arising therefrom. *State v. Vargas*, 121 N.M. 316, 320, 910 P.2d 950, 954 (Ct.App.1995), *cert. denied*, 121 N.M. 242, 910 P.2d 318 (1996); *State v. Attaway*, 114 N.M. 83, 86, 835 P.2d 81, 84 (Ct.App. 1992), *aff'd*, 117 N.M. 141, 870 P.2d 103 (1994).

11. Testimony presented at trial indicated that Defendant and Ms. Chavez had been living together for several years. Following an argument, Defendant told Ms. Chavez that he was going to move out. This announcement precipitated a heated argument, and Ms. Chavez left the apartment to use the telephone. She returned to the residence and later that day Defendant reappeared to pick up his clothes. The parties resumed arguing. As the argument progressed, the parties began struggling over the possession of a knife belonging to Defendant.

12. Police officers responded to a call reporting that a man and a woman were fighting at an apartment complex. Officer Gutierrez was the first police officer to arrive at the scene. He testified at trial that upon his arrival he spoke to a woman, later identified

as Defendant's sister, who was outside the apartment. She told him "they" were inside. He stated the apartment door was open and that he knocked and identified himself as a police officer and then entered. After entering the apartment, he heard voices from the bedroom. Upon entering the bedroom, he saw Defendant and Ms. Chavez struggling. He stated that when he went to the door of the bedroom Defendant had an arm around Ms. Chavez's neck and had a knife in his right hand. When the officer announced his presence, Defendant threw Ms. Chavez on the bed. When told by the officer to put the knife down, Defendant placed it on a dresser.

13. Shortly after the arrival of Officer Gutierrez, Officer Charles Newman also arrived at the apartment. He testified that he could hear yelling and screaming inside before entering the residence. Officer Newman testified that when he entered the apartment bedroom he also observed that Defendant had a knife in his hand. He said Defendant took a couple of steps toward the two officers, and then, at their direction, put the knife down. Officer Newman stated that shortly thereafter a struggle ensued between the police officers and Defendant, and Defendant was arrested and taken to jail. Officer Don Cole was the last police officer to respond to the call. He also testified that he heard yelling coming from the apartment.

14. Ms. Chavez testified that earlier that day she and Defendant had gotten into an argument and that she stopped Officer Gutierrez and asked him for assistance. She told the officer that Defendant had assaulted her and showed him the bruises she had sustained.

15. Defendant also testified at trial. He stated he told Ms. Chavez earlier that day he was ending their relationship and was moving out of the apartment. He denied striking Ms. Chavez and stated she tried to keep him from leaving the apartment. He said he returned later that evening to the apartment with his sister in order to obtain his clothes. He stated that, at first, Ms. Chavez refused to open the door but later let him in and then began yelling and arguing. He stated Ms. Chavez grabbed a knife from his belt and began slashing at him and he tried to take the knife away from her. He also said that while he was struggling with Ms. Chavez, the police arrived.

16. Defendant argues that, under the facts herein, the entry of the officers into the apartment was illegal and that the trial court erred in denying his motion to suppress. We disagree. New Mexico courts have recognized an exigent circumstances exception to a warrantless entry of law enforcement officers into a residence. *Attaway*, 114 N.M. at 85–86, 835 P.2d at 83–84; *State v. Copeland*, 105 N.M. 27, 31–32, 727 P.2d 1342, 1346–47 (Ct. App.1986).

■ 17. A warrantless entry by law enforcement officers into a residence or dwelling is proper where the evidence supports a finding of both probable cause and exigent circumstances necessitating an immediate entry into a residence. *Copeland*, 105 N.M. at 31–32, 727 P.2d at 1346–47. The test for determining whether exigent circumstances exist is an objective one involving resolution of the question of whether, under the facts known or reasonably believed by a prudent and trained police officer, exigent circumstances have been shown indicating that immediate action is necessary to prevent imminent danger to life or serious damage to property, to forestall the imminent escape of a suspect, or to prevent the destruction of evidence. *State v. Corneau*, 109 N.M. 81, 89, 781 P.2d 1159, 1167 (Ct.App.1989). Determination of whether exigent circumstances existed so as to justify a warrantless entry into a residence is a factual issue to be resolved by the trial court, whose decision will be affirmed on appeal if supported by substantial evidence. *Id.* In reviewing a finding of exigent circumstances, the trial court's finding of historical fact is entitled to deference. *State v. Graves*, 119 N.M. 89, 91, 888 P.2d 971, 973 (Ct.App.1994).

■ 18. Our review of the record indicates that substantial evidence existed to support the trial court's finding of exigent circumstances for the warrantless entry of the officers. The record shows that earlier that day Ms. Chavez told Officer Gutierrez she had been struck by Defendant and she displayed bruises sustained by her. Later,

the police dispatcher received a call reporting a domestic disturbance at the apartment complex where Defendant and Ms. Chavez were living. When Officer Gutierrez arrived, he heard sounds of yelling and arguing. A woman outside the apartment told police that a man and a woman were inside fighting. Officer Newman stated that, as the officers approached the door to the apartment, he could hear yelling and screaming. Even after the officers announced their presence through the open door, the argument continued. When the police entered the apartment, they saw Defendant and Ms. Chavez fighting and yelling at each other, and saw Defendant with a knife in his hand and an arm around Ms. Chavez's neck.

19. From these facts, the trial court could reasonably determine that the officers had probable cause to believe that domestic violence was occurring and that exigent circumstances existed warranting their immediate entry into the apartment in order to prevent imminent danger to the safety of one or more of the parties inside.

*DENIAL OF A CONTINUANCE*

20. Defendant also argues that the trial court abused its discretion in denying his counsel's request for a continuance because of illness. He asserts that denial of the motion forced him to choose between two constitutional rights, i.e., the right to the effective assistance of counsel and the right to a trial by a jury.

■ 21. The State asserts that Defendant failed to preserve his claim of the right to a trial by a jury or denial of the effective assistance of counsel before the trial court, and thus Defendant is precluded from arguing such issues on appeal. We disagree. The question of whether Defendant was denied effective assistance of counsel was expressly raised by defense counsel's request for a continuance because of his illness on the morning of trial and his claim that he was physically unable to adequately represent Defendant at that time. Similarly, the issue of whether Defendant made a voluntary, knowing, and informed waiver of his right to a jury trial is a concomitant of the issue of whether under the circumstances presented here Defendant received effective assistance

of counsel at all material times throughout the proceedings against him. Hence, the two issues are interrelated.

■ 22. The trial court has broad discretion in granting or denying a motion for a continuance, and absent a demonstrated abuse resulting in prejudice to the defendant, there is no basis for reversal. *State v. Sanchez,* 120 N.M. 247, 253, 901 P.2d 178, 184 (1995); *State v. Perez,* 95 N.M. 262, 264, 620 P.2d 1287, 1289 (1980). Moreover, as a general rule, a motion for a continuance filed at the last minute is not favored. *Lopez v. City of Albuquerque,* 118 N.M. 682, 685, 884 P.2d 838, 841 (Ct.App.1994).

23. Here, it is apparent that the trial court had the opportunity to personally observe defense counsel's condition and to question counsel concerning his ability to adequately represent Defendant. After discussing defense counsel's illness with him, the trial court apparently verified counsel's claim that he was ill, voiced its sympathy and stated it felt counsel was intellectually capable of proceeding and pointed out that, although it was denying the request for a continuance, the trial court would nevertheless attempt to accommodate counsel by taking frequent breaks. The trial court also noted that the case involved relatively few witnesses and that the case could probably be disposed of in a single day. When the trial court denied the continuance, it offered a short recess to see if the parties could work something out. After a brief recess, the court reconvened and Defendant's counsel told the trial court that he and the prosecutor had agreed to a continuance and a waiver of the jury trial. At that point, the trial court inquired of Defendant whether he consented to the waiver and Defendant responded, "Yes." Later, Defendant signed a written waiver of his right to trial by a jury. Under these circumstances, a reviewing court generally gives deference to the trial court and its ability to view and observe the individual in question. *Cf. Evans v. State, Taxation & Revenue Dep't,* 122 N.M. 216, 218–19, 922 P.2d 1212, 1214–15 (Ct.App.) (observing rule that trial court's opportunity to

observe demeanor and credibility of witness is entitled to deference by reviewing court), cert. denied, 122 N.M. 112, 921 P.2d 308 (1996).

24. A defendant may waive the right to trial by a jury. See State v. Boeglin, 105 N.M. 247, 251, 731 P.2d 943, 947 (1987). The State also points out that even if this Court determines that the issue of waiver was preserved for appellate review, there is substantial evidence in the record indicating that Defendant's waiver of a jury trial was voluntarily, knowingly, and intelligently given. Viewing the trial court's decision in a light most favorable to the ruling below and considering the fact that defense counsel waited until shortly before trial to seek a continuance, together with the fact that the trial court had the opportunity to view and assess defense counsel's ability to physically function, and that Defendant responded to the court's question concerning whether he agreed to waive his right to a jury trial, we believe there is evidence from which the trial court could reasonably determine that Defendant's waiver was voluntary, knowing, and intelligent. Thus, we conditionally affirm Defendant's convictions, but remand for further proceedings. See State v. Aragon, 116 N.M. 291, 297, 861 P.2d 972, 978 (Ct.App. 1993) (conditionally affirming conviction, subject to remand for additional hearing).

25. Defendant argues that the attenuated nature of the trial court's questioning of Defendant and the brevity of the hearing casts doubt upon whether he voluntarily, knowingly, and intelligently agreed to the waiver of his right to trial by a jury. See State v. Doe, 94 N.M. 637, 640, 614 P.2d 1086, 1089 (Ct.App.1980) (right to jury trial may be waived but such waiver must be express); see also NMRA 1997, 5–605(A) (defendant entitled to trial by jury unless he or she waives right with approval of the court and consent of the State). In advancing this argument, Defendant contends that his waiver was not voluntary because he was confronted with a choice between agreeing to a bench trial and having effective assistance of counsel with a healthy attorney, or a right to trial by a jury guaranteed under Article II, Section 12 of the New Mexico Constitution,

with an attorney who was physically unable to properly represent him. Under these circumstances, he argues his "waiver" was coerced. Defendant contends that his waiver of trial by a jury could not have been voluntarily given if his court-appointed counsel did not properly advise him of his right to insist on a trial by a jury, or if such waiver was compelled due to his concern of having to proceed to trial without a physically functioning trial attorney. Thus, he asserts the real issue is whether under the facts herein Defendant received effective assistance of counsel.

26. We do not understand the State to contest Defendant's assertion that his defense counsel was, in fact, ill on the date the case was originally scheduled for trial by a jury. In light of the fact that the trial court recognized that defense counsel, in fact, was ill and that the court, apparently under the mistaken belief at the time the continuance was sought that the speedy-trial rule would run if a continuance was granted, and that Officer Gutierrez, a key state witness, would not be available at a later date, we believe fairness requires that this case be remanded for adoption of specific findings of fact and conclusions of law concerning the basis for the trial court's denial of the motion for a continuance and the severity of defense counsel's illness when the continuance was requested. Additionally, we believe further inquiry is necessary concerning the extent and sufficiency of defense counsel's explanation to Defendant concerning his right to a jury trial at the time the continuance was sought, and whether Defendant's waiver of his right to a jury trial was voluntarily, knowingly, and freely made. See State v. Ciarlotta, 110 N.M. 197, 199, 793 P.2d 1350, 1352 (Ct.App. 1990) (defendant has constitutional right to jury trial unless right is knowingly and intelligently waived); see also People v. Simpson, 24 Ill.App.3d 835, 321 N.E.2d 464, 468–69 (1974). In Simpson the court held that defendants' choice of a jury trial with unprepared counsel or a later bench trial did not constitute a voluntary waiver of a jury trial. As a result, Simpson recognized that the cumulative effect of these circumstances denies defendants their right to a trial by a

jury. *See Simpson*, 321 N.E.2d at 468–69; *see also People v. Dixon*, 184 Ill.App.3d 90, 132 Ill.Dec. 577, 583, 539 N.E.2d 1383, 1389 (1989).

27. In the event the trial court determines that the waiver was not freely and intelligently made, and that the waiver was influenced by the physical inability of his counsel to proceed to trial on the date in question, Defendant's convictions should be set aside and Defendant awarded a new trial.

CONCLUSION

28. Defendant's convictions are conditionally affirmed. The cause is remanded with instructions to conduct an evidentiary hearing concerning whether Defendant voluntarily, knowingly, and intelligently agreed to waive his right to a jury trial. If Defendant is found not to have knowingly and intelligently waived his right to a jury trial, the convictions are vacated and Defendant shall be entitled to a new trial. If Defendant is found to have voluntarily, knowingly, and intelligently waived such right, the judgment and sentence shall remain in effect, subject to Defendant's right to appeal.

29. IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.