This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                       **NO. 29,718**

**RICHARD SHARPE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant is appealing from a district court judgment and sentence entered after a bench trial finding Defendant guilty of battery against a household member. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Issue 1:** Defendant continues to challenge the validity of the magistrate court's reliance on the written waiver of the right to a jury trial. [MIO 1] However, Defendant received a de novo trial in district court, and we do not review any alleged defects in the magistrate court proceeding. *See State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 (observing that in a de novo trial, "a district court conducts a new trial as if the trial in the lower court had not occurred").

**Issue 2:** Defendant contends that the district court erred in concluding that he waived his right to a jury trial. [MIO 3] Defendant states that he did not raise an objection below, but he claims that the matter may be raised for the first time on appeal because it involves a fundamental right. [MIO 4] However, fundamental rights may be waived or lost by failing to timely invoke the ruling of the district court. *See State v. Pacheco*, 2007-NMSC-009, ¶ 10, 141 N.M. 340, 155 P.3d 745. Accordingly, our calendar notice proposed to affirm for lack of preservation. Alternatively, our calendar notice proposed to affirm on the merits.

The district court judge informed the parties at a pre-trial conference that they were scheduled for a jury trial. [MIO 2] The prosecutor informed the judge that Defendant had waived his right in magistrate court, and the judge responded by stating

that the jury trial setting was a mistake and that Defendant would be given a bench trial date. [MIO 2] Defense counsel did not object. [MIO 2]

As we observed in our calendar notice, it appears that the judge was simply noting that Defendant had previously waived his right to a jury trial, and the judge would likewise proceed with a bench trial in district court. The prosecutor then concurred with a bench trial. [DS 3] Given this context, we believe that Defendant's behavior amounted to a knowing concurrence as well. *See State v. Aragon*, 1997-NMCA-087, ¶ 24, 123 N.M. 803, 945 P.2d 102 (observing that a defendant may waive jury trial if done voluntarily, knowingly, and intelligently). To the extent that Defendant is claiming that he in fact wanted a jury trial, there is no indication to that effect on the record. Matters not of record cannot be reviewed on appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984). In the absence of any indication in the record that Defendant timely indicated that he wanted a jury trial, we do not believe that Defendant has established a mistake in the process that would amount to fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error includes both "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**

4