This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellant,

v.                                              **No. 30,425**

**ANNIE VARGAS,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Advocate Law Center, P.A.
Steven F. Seeger
Gallup, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     This case requires us to consider whether the district court properly granted a motion to suppress after declining to grant a continuance to the State to address technical difficulties in viewing a dash camera recording during a motion hearing. Finding that the district court did not abuse its discretion in denying the State's request, we affirm.

**BACKGROUND**

{2}     After being convicted of driving under the influence (DWI) and failure to maintain a traffic lane in magistrate court, Defendant appealed to the district court. There, Defendant filed a motion to suppress all evidence resulting from her traffic stop on the basis that the stop was an unreasonable search and seizure. At the evidentiary hearing, Officer Terrence Toledo, Defendant, and Defendant's husband, testified about the events surrounding Defendant's arrest. When the testimony of Defendant and her husband contradicted Officer Toledo's, the State sought to introduce the dash camera recording from Officer Toledo's patrol car to impeach their testimony and corroborate Officer Toledo. The district court allowed the State to present the recording over Defendant's objection but, the State was unable to play either its DVD copy on the court's computer system or Defendant's VHS copy on the court's VHS player. The district court denied the State's request for additional time to address the technical difficulties and directed the parties to present their closing arguments. The

district court later entered a written order granting Defendant's motion to suppress, ruling that "[t]he State  has failed to prove the reasonableness of this stop and seizure."

{3}    The State now appeals the district court order granting Defendant's motion to suppress pursuant to *State v. Horton*, 2008-NMCA-061, ¶¶ 1, 9, 144 N.M. 71, 183 P.3d 956 (recognizing that the State may appeal from the suppression of evidence). The district court stayed further proceedings pending our decision on appeal.

**ANALYSIS**

{4}    The State challenges the district court order granting Defendant's motion to suppress, contending that the district court abused its discretion in excluding the dash camera recording. Defendant first responds by challenging the propriety of the State's argument of this issue in its brief-in-chief because it was not raised in its docketing statement. We disagree that the State's failure to address an argument in its docketing statement prevents our review of the issue. *See State v. Lucero*, 1999-NMCA-102, ¶ 19, 127 N.M. 672, 986 P.2d 468 ("Once a case is assigned to the general calendar, parties may raise for the first time in the brief-in-chief arguments not raised in the docketing statement."); *State v. Salgado*, 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct. App. 1991) ("[T]he docketing statement no longer governs the issues that may be raised on a non-summary calendar.").

{5} The State's challenge focuses on its argument that the district court prevented the State from presenting material evidence because it refused to consider the dash camera recording. However, the district court did not exclude the evidence nor did it sustain Defendant's objection to admission of the evidence, as suggested by the State. Rather, the recording was not considered because the State was unable to play it. Thus, the State's appeal turns on whether the district court abused its discretion in denying a continuance to the State to resolve its technical difficulties in presenting the recording. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

{6} The granting or denial of a continuance is within the sound discretion of the district court and the moving party bears the burden of establishing an abuse of discretion. *State v. Archuleta*, 2012-NMCA-007, ¶ 5, 269 P.3d 924, *cert. denied*, 2011-NMCERT-012, 291 P.3d 158. "An abuse of discretion occurs when a ruling is against logic and is clearly untenable or not justified by reason." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (internal quotation marks and citations omitted).

{7} "A motion for a continuance serves to raise the question of whether both sides are prepared to proceed . . . and if not, why not." *State v. Salazar*, 2007-NMSC-004,

¶ 28, 141 N.M. 148, 152 P.3d 135. "There are a number of factors that trial courts should consider in evaluating a motion for continuance, including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion." *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. "If those factors applied logically and in a balanced way support the motion, the motion should be granted." *Salazar*, 2007-NMSC-004, ¶ 27.

{8} Taking into consideration the *Torres* factors, we are unpersuaded that the district court abused its discretion in denying the State's request for a continuance. In particular, the timing of the State's request came at the very end of the evidentiary hearing, after all witnesses had testified and all other evidence had been presented. *See State v. Aragon*, 1997-NMCA-087, ¶ 22, 123 N.M. 803, 945 P.2d 1021 ("[A]s a general rule, a motion for a continuance filed at the last minute is not favored."); *State v. Gallegos*, 2011-NMSC-027, ¶ 67, 149 N.M. 704, 254 P.3d 655 (discussing the inconvenience caused in granting a continuance where defense counsel asked for a continuance on the last day of trial after the state had already called its final witness and an alternate juror had been dismissed). Moreover, the State did not state how long

5

of a continuance it would require, or even if it would be able to solve the technical difficulties. *See id.* (discussing the requesting party's inability to provide an estimate of the time needed or whether the continuance would result in the appearance of missing witnesses). Additionally, the need for a delay was caused by the State, when it failed to ensure that it could play the recording. *Id.* ¶ 68 (finding that the district court properly faulted the requesting party in creating the need for a delay to locate missing witnesses after questioning whether the party had properly subpoenaed the witnesses, whether service of process had been properly executed, and whether the party timely notified the court that the witnesses had not appeared).

{9}     The State cites the language of Rule 5-212(D) NMRA as support that "[t]he exclusion of the video recording was prejudicial to the State as it prevented the State from presenting evidence that was material to the credibility evaluation of both defense witnesses." *See* Rule 5-212(D) ("The court shall receive evidence on any issue of fact necessary to the decision of the motion [to suppress].").  However, the State does not cite to any authority in support of its apparent assertion that a district court must consider unavailable evidence in considering a motion to suppress. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that an appellate court will not consider an issue if no authority is cited).

{10} The State also asks that we vacate the district court order and remand the case to the district court with instructions to review the recording and then rule on the motion to suppress. In support of this request, the State asks us to consider two unpublished memorandum opinions "for illustrative purposes" regarding the reasonableness of its request. We decline to do so. *See State v. Anaya*, 2008-NMCA-020, ¶ 18, 143 N.M. 431, 176 P.3d 1163 (holding that unpublished opinions will not be considered for their persuasive value just as they would not be considered as precedent because unpublished opinions may not fully describe critical facts).

{11} Lastly, we need not address the State's argument that the district court decision to grant Defendant's motion was based on its conclusion that the stop was pretextual. The decision of the district court to suppress the evidence was based on its conclusion that "[t]he State has failed to prove the reasonableness of this stop and seizure[,]" and the State points to no evidence that suggests that this decision was based on a finding of a pretextual stop. *See Bank of N.Y. v. Romero*, 2011-NMCA-110, ¶ 8, 150 N.M. 769, 266 P.3d 638 ("[W]here a party fails to cite any portion of the record to support its factual allegations, we need not consider its argument on appeal."), *cert. granted*, 2011-NMCERT-010, 289 P.3d 1254; *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

**CONCLUSION**

{12} The district court order granting Defendant's motion to suppress is affirmed.

{13} **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**