This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                              **NO. 32,956**

**RUSSELL MITCHELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     Russell Mitchell (Defendant) is appealing from a district court judgment affirming his convictions for battery against a household member, assault against a household member, and criminal damage to property, in an on-record appeal from metropolitan court. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**ISSUE A**

{2}     Defendant continues to claim that the trial court erred in denying his motion to grant a continuance. [MIO 8] The granting or denial of a continuance is within the sound discretion of the district court, and the moving party bears the burden of establishing an abuse of discretion. *State v. Archuleta*, 2012-NMCA-007, ¶ 5, 269 P.3d 924. "An abuse of discretion occurs when a ruling is against logic and is clearly untenable or not justified by reason." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (internal quotation marks and citation omitted).

{3}     "A motion for a continuance serves to raise the question of whether both sides are prepared to proceed . . . and if not, why not." *State v. Salazar*, 2007-NMSC-004, ¶ 28, 141 N.M. 148, 152 P.3d 135.

> There are a number of factors that trial courts should consider in evaluating a motion for continuance, including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant

2

in causing a need for the delay, and the prejudice to the movant in denying the motion.

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. "If those factors applied logically and in a balanced way support the motion, the motion should be granted." *Salazar*, 2007-NMSC-004, ¶ 27.

{4} Here, on the first day of trial, the State asked defense counsel if there would be any defense witnesses since no witness list had been filed. [MIO 4] *See State v. Aragon*, 1997-NMCA-087, ¶ 22, 123 N.M. 803, 945 P.2d 1021 ("[A]s a general rule, a motion for a continuance filed at the last minute is not favored."). Defense counsel believed that she had filed a witness list, but there is no dispute that the list was not part of the record. [MIO 4] The trial court was informed that the victim had been present at every setting and that this had been extraordinarily stressful to her. [MIO 4-5] The trial court noted the delay that had occurred in this case and denied Defendant's request for a continuance for the purpose of giving the State time to interview an individual who otherwise would not be allowed to testify. [MIO 5]

{5} As we observed in our calendar notice, the excluded witness was the only defense witness who would testify other than Defendant. However, as noted by the district court in its on-record opinion, [RP 143] Defendant did not identify this witness, or make a proffer to the court to establish the anticipated testimony for the record. As such, any prejudice was speculative because we do not know the substance of the excluded testimony. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121

3

N.M. 562, 915 P.2d 318 (stating that a mere assertion of prejudice is not a showing of prejudice). Although Defendant contends that defense counsel was too "flustered" [MIO 16] to place the anticipated testimony into the record, this does not change the fact that we have no record to review and, therefore, we do not have the requisite showing of prejudice.

**Issue B**

{6} Defendant continues to argue that the trial court erred in allowing the victim to testify about text messages she received from Defendant. [MIO 18] We review the district court's ruling for an abuse of discretion. *See State v. Hughey*, 2007-NMSC-036, ¶ 9, 142 N.M. 83, 163 P.3d 470.

{7} Here, the victim described texts that Defendant sent to her after the incident in question. [MIO 6-7] Defendant argues that the text messages were not authenticated. [MIO 18-19] However, the text messages were never admitted in written form. With respect to the victim's testimony, whether or not the victim was accurately stating that they came from Defendant was a matter of credibility to be decided by the factfinder. The possibility that someone else could have drafted the text went to the testimony's weight, and not its admissibility. To the extent there would need to be any authentication, the victim indicated that she had sufficient knowledge to know that the texts were coming from Defendant. *See* Rule 11-901(B)(1) NMRA. Finally, we reject Defendant's claim [MIO 19] that the trial court abused its discretion under Rule 11-

4

403 NMRA. *See State v. Montoya*, 2005-NMCA-078, ¶ 22, 137 N.M. 713, 114 P.3d 393 (stating that an abuse of discretion occurs when the discretionary act is illogical, unreasonable, or contrary to facts and circumstances before the court).

{8}     For the reasons set forth above, we affirm.

{9}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**