This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. 33,978**

**INGRID JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Jacqueline R. Medina, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from a corrected order for conditional discharge and probationary supervision, entered after she pled guilty to possession of methamphetamine, reserving the right to challenge the denial of her motion to suppress. We issued a calendar notice proposing to reverse. The State has responded with a memorandum in opposition. Not persuaded, we reverse the district court.

{2}     In this appeal, Defendant has claimed that the district court erred in denying her motion to suppress. "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (alteration in original) (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

{3}     Here, officers were dispatched to a motel based on information that a couple was using drugs in a room. [MIO 2-3, RP 71] Upon arrival, motel staff informed the officers that a male and female were screaming at one another; this information was consistent with information given to dispatch. [RP 71] Officers went to the room,

2

where a male answered the door and stated that his dad was the only other person in the room. The officers then entered the room without consent. [RP 72] The district court determined that the concern for safety of the female in the room justified the warrantless entry under the exigent circumstances exception. [RP 72]

{4}    Exigent circumstances have been defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Campos v. State*, 1994-NMSC-012, ¶ 11, 117 N.M. 155, 870 P.2d 117 (internal quotation marks and citation omitted); *see Chavez v. Bd. of Cnty. Comm'rs*, 2001-NMCA-065, ¶ 17, 130 N.M. 753, 31 P.3d 1027 (observing that law enforcement officers may not make a warrantless entry into a residence unless "exigent circumstances have been shown indicating that immediate action is necessary to prevent imminent danger to life or serious damage to property, to forestall the imminent escape of a suspect, or to prevent the destruction of evidence" (internal quotation marks and citation omitted)). Exigent circumstances "must be supported by specific articulable facts" and must be known to the officers prior to entry. *State v. Duffy*, 1998-NMSC-014, ¶ 70, 126 N.M. 132, 967 P.2d 807, *overruled in part on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n. 6, 275 P.3d 110. Our calendar notice proposed to hold that exigent circumstances did not exist in this case.

{5} The State's memorandum in opposition argues that *State v. Aragon*, 1997-NMCA-087, 123 N.M. 803, 945 P.2d 1021, supports the district court's ruling. However, that case is distinguishable. There, this Court upheld the warrantless entry into a home based on exigent circumstances, where the victim had reported physical abuse earlier in the day, and, after a renewed report of domestic violence, they heard yelling and screaming upon arrival at the residence. *Id.* ¶ 18. In contrast, in the present case, there was no information indicating physical abuse or threats of abuse. In addition, the officers did not indicate that they heard any screaming upon arrival at the room. The fact that the male lied to the officers about the presence of a woman in the room did not, without more, indicate that there was imminent danger to her life. As such, we conclude that the officer's warrantless entry into the room was not supported by exigent circumstances.

{6} For the reasons set forth above, we reverse.

{7} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

4

_____

**JONATHAN B. SUTIN, Judge**