This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37297**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MINDY CLARK,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals her conviction for fraud (over $2,500), contrary to NMSA 1978, Section 30-16-6 (2006). Defendant argues (1) the district court judge should have recused himself because he had represented Defendant's ex-husband in their divorce proceedings several years earlier and thus was biased; (2) the district court erred by denying defense counsel's motion to withdraw without holding a hearing; and (3) the

district court erred by denying Defendant's motion to continue the trial. Unpersuaded, we affirm.

## DISCUSSION

### Judicial Bias

**{2}**     Defendant argues for the first time on appeal that the district court judge had a duty to recuse himself on the basis of judicial bias and to prevent an appearance of impropriety based on his previous representation of Defendant's ex-husband in their divorce proceedings and a related civil suit. "We generally do not consider issues on appeal that are not preserved below." *State v. Garcia*, 2005-NMCA-065, ¶ 6, 137 N.M. 583, 113 P.3d 406. "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. Here, there is no indication that Defendant sought to "alert the mind of the trial court to the claimed error" of judicial bias. *See State v. Morgan*, 2016-NMCA-089, ¶ 32, 382 P.3d 981 (internal quotation marks and citation omitted). Indeed, it appears this issue was not even brought to defense counsel's attention until after the trial. And, as the State points out, while unpreserved errors may be reviewed for fundamental error at the appellate court's discretion, Defendant has not asked us to review this issue for fundamental error or developed any argument as to why it constituted fundamental error. *See State v. Lucero*, 1999-NMCA-102, ¶ 45, 127 N.M. 672, 986 P.2d 468 (refusing to address arguments when they were not made in the district court and when no assertion of fundamental error was made on appeal). Accordingly, we decline to review it.

### Denial of Motion to Withdraw

**{3}**     Defendant argues the district court erred when it denied the motion to withdraw filed by appointed counsel from the Law Office of the Public Defender (LOPD). Defendant further argues she was entitled to an evidentiary hearing on the motion in order to establish a record for an ineffective assistance of counsel claim. We review the district court's denial of the motion to withdraw and refusal to hold an evidentiary hearing for an abuse of discretion. *See State v. Lucero*, 1986-NMCA-085, ¶ 21, 104 N.M. 587, 725 P.2d 266 (providing that the decision of whether to appoint substitute counsel lies within the discretion of the district court); *see also State v. Guerro*, 1999-NMCA-026, ¶ 24, 126 N.M. 699, 974 P.2d 669 (reviewing the refusal to hold an evidentiary hearing for an abuse of discretion). "A court abuses its discretion when it is shown to have acted unfairly, arbitrarily, or committed manifest error." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300 (internal quotation marks and citation omitted).

**{4}**     Under New Mexico law, "[t]he district public defender *shall represent* every person without counsel who is financially unable to obtain counsel and who is charged in any court within the district with any crime that carries a possible sentence of imprisonment." NMSA 1978, § 31-15-10(C) (2001) (emphasis added); *see also State ex rel. Quintana v. Schnedar*, 1993-NMSC-033, ¶ 8, 115 N.M. 573, 855 P.2d 562 ("The

compulsory nature of the mandate *shall represent* requires the [LOPD] to represent defendants who (1) are financially unable to obtain counsel and (2) are charged with certain crimes." (emphasis added) (internal quotation marks and citation omitted)). Therefore, once duly appointed, counsel from the public defender's office is required by statute to represent a defendant until relieved of that duty by the court. *See* Rule 5-107(B) NMRA ("An attorney who has entered an appearance or who has been appointed by the court shall continue such representation until relieved by the court.").

**{5}** To warrant the dismissal of appointed counsel, a defendant must show that the failure to appoint substitute counsel will result in ineffective representation and prejudice to the defense. *Lucero*, 1986-NMCA-085, ¶ 21; *see also Garcia v. State*, 2010-NMSC-023, ¶ 30, 148 N.M. 414, 237 P.3d 716 ("To state a case of ineffective assistance of counsel, [a d]efendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." (internal quotation marks and citation omitted)). Defense counsel's motion to withdraw asserted that the overburdened LOPD could not represent Defendant effectively based on its heavy workload, and that representing Defendant would create a conflict of interest with defense counsel's current clients due to the inability to provide competent representation. Along with the motion, defense counsel filed a "Notice of Unavailability" detailing the excessive workload of the LOPD. However, the motion did not set forth facts to suggest that defense counsel's representation was deficient in this case. Rather, the motion was based on the mere possibility of ineffective assistance and a potential conflict of interest. Defendant presented no evidence that causes us to depart from our "assum[ption] that attorneys represent their clients honorably, consistent with both their professional duties and the terms under which they contract with the [LOPD] to provide indigent defense." *Kerr v. Parsons*, 2016-NMSC-028, ¶ 25, 378 P.3d 1.

**{6}** Moreover, Defendant failed to show prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice." (citation omitted)). To demonstrate prejudice resulting from a purported conflict of interest, "there must be an actual, active conflict that adversely affects counsel's trial performance; the mere possibility of a conflict is insufficient." *State v. Martinez*, 2001-NMCA-059, ¶ 24, 130 N.M. 744, 31 P.3d 1018. Defendant's claims of possible ineffective assistance and potential conflicts were insufficient to carry her burden. *See State v. Hester*, 1999-NMSC-020, ¶ 14, 127 N.M. 218, 979 P.2d 729 (stating that "[t]he burden is on [the d]efendant to establish ineffective assistance of counsel"). We therefore conclude that the district court did not abuse its discretion in denying the motion to withdraw. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44 (explaining that it is the defendant's burden "to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense").

**{7}** Defendant's main contention in regard to this issue appears to be that the motion was denied without an evidentiary hearing. Defendant argues that because she was denied a hearing, she was not able to develop her claim of ineffective assistance of counsel and thus is unable to prove it on appeal. However, Defendant was not

automatically entitled to a hearing by merely suggesting that defense counsel's representation was likely to be ineffective. *See State ex rel. Children, Youth & Families Dep't v. David F., Sr.*, 1996-NMCA-018, ¶ 16, 121 N.M. 341, 347, 911 P.2d 235 ("Merely raising a question of ineffective assistance of counsel, however, did not automatically entitle [the p]arents to an evidentiary hearing."). Defendant's speculative allegations are insufficient to warrant a hearing, and there is nothing in the record regarding specific incidents of deficient representation. *See id.*; *see also Guerro*, 1999-NMCA-026, ¶ 26 (stating that a trial judge is warranted in refusing an evidentiary hearing where the defendant's claims do not "state grounds for relief").

**{8}** Under the circumstances, we conclude the district court did not err in denying defense counsel's request for an evidentiary hearing, and we therefore decline to remand for a hearing. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("[A]n appellate court may remand a case for an evidentiary hearing *if* the defendant makes a prima facie case of ineffective assistance." (emphasis added)). Our opinion does not preclude Defendant from raising a claim of ineffective assistance of counsel through a petition for a writ of habeas corpus.

**Denial of Continuance**

**{9}** Lastly, Defendant contends the district court erred by denying her motion to continue the trial. "The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant." *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. "Defendant must establish not only an abuse of discretion, but also that the abuse was to the injury of the defendant." *Id.* (internal quotation marks and citation omitted).

**{10}** Our Supreme Court articulated several factors that courts should consider when deciding whether to grant or deny a motion for a continuance:

> the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion.

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20.

**{11}** The defense requested to continue the trial for the purpose of interviewing two of its own witnesses who were named on a witness list filed at the same time as the motion to continue. The motion and witness list were filed on the Friday preceding the trial scheduled for Monday. The district court held a brief hearing prior to the trial to allow Defendant to argue her motion. The State asserted it was ready to proceed, and that several of the State's witnesses were at the courthouse. Defendant indicated that she wanted more time to see what her witnesses would testify to, and that one witness

would testify as to the elements of fraud, that he knew Defendant, and that he did not think she was capable of committing fraud. The State explained that it was not opposed to Defendant's witnesses testifying at trial; however, we note that after the continuance was denied, Defendant did not call the witnesses to testify.

**{12}** Defendant's motion was filed at the last minute, at the same time that the witnesses were named, and without any indication as to why these witnesses were not previously identified. *See State v. Aragon*, 1997-NMCA-087, ¶ 22, 123 N.M. 803, 945 P.2d 1021 ("[A]s a general rule, a motion for a continuance filed at the last minute is not favored."). This, together with the fact that the need for delay was caused by Defendant failing to disclose and interview her own witnesses, and that the State was ready to proceed with its witnesses present, we conclude that the relevant factors weigh against granting the continuance. *See Torres*, 1999-NMSC-010, ¶ 10.

**{13}** In addition, Defendant has not shown that the denial was prejudicial. To determine whether Defendant was prejudiced, we first consider whether Defendant "made a plausible showing of how the witness's testimony would have been both material and favorable to [her] defense." *See id.* ¶ 12 (alteration, internal quotation marks, and citation omitted). The basis for Defendant's request below was that she wanted more time to interview potential witnesses. Defendant asserts on appeal that the motion was related to defense counsel's inadequacy in the face of an overwhelming caseload. Based on the assertions made by Defendant at the hearing, however, it is unclear whether interviews with witnesses for the defense actually would have produced any material or favorable information. Thus, we hold that Defendant did not make a sufficient proffer to show that more time would have led to the discovery of substantially favorable evidence. *See State v. Brazeal*, 1990-NMCA-010, ¶ 26, 109 N.M. 752, 790 P.2d 1033 (indicating that when a continuance is sought to obtain defense witnesses, in order to show prejudice, there must be a showing that the witness was willing to testify and would have given substantially favorable evidence).

**{14}** Nor has Defendant demonstrated ineffective assistance of counsel in this regard. We recognize that "the standard developed in evaluating ineffective assistance of counsel claims may play a role [in reviewing a motion for continuance], but . . . that standard should play a subsequent, even subsidiary role to the *Torres* factors and analysis." *Salazar*, 2007-NMSC-004, ¶ 28. Defendant asserts that the denial of trial counsel's earlier motion to withdraw was the reason for the later motion requesting a continuance to interview witnesses, since counsel was overloaded with cases and unable to properly and timely prepare for trials. "[I]f the motion for a continuance depends on a claim that, absent a continuance, the defendant will have been or will be denied effective assistance of counsel," the defendant can obtain a continuance by demonstrating that exceptional circumstances give rise to a presumption of prejudice. *Id.* ¶¶ 24-27. However, "appellate courts will not presume denial of effective assistance of counsel because of the trial judge's refusal to grant a continuance unless, under the circumstances, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without

inquiry into the actual conduct of the trial." *Brazeal*, 1990-NMCA-010, ¶ 17 (internal quotation marks and citation omitted).

**{15}** To reiterate, aside from general case overload, Defendant presented no evidence specific of defense counsel's representation in this case or any particularized evidence to support an implication it was unlikely that even a competent public defender could provide Defendant effective assistance. *See id.* While we acknowledge the public defender's office provided evidence that it was overwhelmed by its caseload, that, without more, does not rise to the level of egregious circumstances compelling a presumption of ineffective assistance of counsel in this case. *See id.* ¶ 18 ("A presumption of ineffectiveness arising from refusal to grant a continuance is justified in a very limited class of cases."). We conclude that the district court's decision was reasonable under the circumstances and that it did not abuse its discretion in denying Defendant's last-minute motion to continue. *See State v. Litteral*, 1990-NMSC-059, ¶ 10, 110 N.M. 138, 793 P.2d 268.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm Defendant's conviction.

**{17} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**